UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

11 JUN 27 PM 4: 11

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

WILLIAMS INDUSTRIES, INC.,  )
                            )
        Plaintiff,          )
                            )     Case No. _____
    vs.                     )
                            )
TERVIS TUMBLER COMPANY,     )     JURY TRIAL REQUESTED
                            )     1:11-cv-0860 SEB -DML
        Defendant.          )

## COMPLAINT

Plaintiff, Williams Industries, Inc., for its Complaint against Defendant, Tervis Tumbler Company, alleges and states:

### ALLEGATIONS COMMON TO ALL COUNTS

### THE PARTIES

1. Plaintiff Williams Industries, Inc. ("Williams") is an Indiana corporation with its principal place of business in Shelbyville, Indiana.

2. Upon information and belief, Defendant Tervis Tumbler Company ("Tervis") is a Florida corporation with its principal place of business in Venice, Florida.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. §§ 1331 and 1332 and 28 U.S.C. § 2201.

4. There is complete diversity between the parties and the amount in controversy with respect to Williams's claims against Tervis exceeds the value of $75,000, exclusive of interest and costs.

5. Personal jurisdiction over Tervis is established in this district because Tervis has made and continues to have continuous and systematic general business contacts with Indiana and this district.

6. Events, transactions, and harm giving rise to this dispute occurred within the geographical boundaries of the Southern District of Indiana. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Cease and Desist Letter

7. Williams is in the business of designing and manufacturing a wide variety of products via custom injection molding, fabrication and printing on plastic, paper and other materials.

8. Among other products, Williams manufactures a 12 oz. Tritan™ double wall tumbler and a 16 oz. Tritan™ double wall tumbler (the "Williams Tumblers"). These tumblers incorporate into their design ornamental horizontal lines visible through the clear plastic of the tumblers.

9. Hit Promotional Products, Inc. ("Hit") is a seller of a wide variety of products, including the Williams Tumblers.

10. Williams and Hit have an ongoing business relationship by which Hit purchases Williams products, including the Williams Tumblers.

11. On June 21, 2011, Tervis's counsel sent a letter to Hit (the "Cease and Desist Letter"). A true and correct copy of that letter is attached as Exhibit A to this Complaint.

12. In this letter, Tervis identifies itself as "a prominent Florida business that provides high quality tumbler and beverageware related products across the United States."

13. Tervis also identified itself in the Cease and Desist Letter as the owner of United States Trademark Nos. 3,081,577 ("the '577 Mark") and 2,862,871 ("the '871 Mark"). Ex. A at 1, 4-7. Tervis identified the '577 and '871 Marks as representing its trade dress. *Id.* at 1.

14. Tervis describes its alleged trade dress as the horizontal lines that are depicted in its trademark registrations.

15. The '577 Mark is described as consisting of "horizontal dimensional impressions made on the inner lining of transparent or translucent beverageware and creating the appearance of horizontal lines." *See id.* at 5. The application that matured into the '577 Mark was filed on July 21, 2003.

16. The '871 Mark is a design mark that purports to protect a stylized tumbler design. The application that matured into the '871 Mark was filed on July 21, 2003.

17. Tervis claimed that the Williams Tumblers infringe its trade dress. *Id.*

18. Tervis further alleged in the Cease and Desist Letter that Hit "deceived and misled customers who pay for [its] products into believing that such products are those of Tervis." *Id.*

19. Tervis further alleged that "[t]his attempt to profit off of Tervis' goodwill is a violation of state and Federal trademark and unfair competition laws." *Id.*

20. Attached to the Cease and Desist Letter were several documents purporting to illustrate similarities between the Williams Tumblers and Tervis's products. *See id.* at 1-2, 9-16.

21. In closing, Tervis demanded that Hit take the following actions by the close of business on July 1, 2011:

> 1. Immediately cease the production, distribution, marketing, and/or sale of any products bearing the Trade Dress and forward along with any inventory to my attention for disposition;

> 2. Provide written acknowledgement that Hit Promotional has ceased the production, distribution, marketing and/or sale of products bearing the Trade Dress; and
>
> 3. Provide a detailed accounting for all sales to date of any infringing Hit Promotional products, including, profits earned.

*Id.* at 2.

22. Tervis further stated that Hit's failure to comply with its demands "may result in the pursuit of all legal and equitable remedies available to our client. This includes, without limitation, the filing of a lawsuit for damages and attorneys' fees and entry of an injunction." *Id.*

23. The Cease and Desist Letter has caused extensive harm to the business relationship between Williams and Hit by, among other things, causing Hit to suspend orders of the Williams Tumblers.

24. The actions of Tervis have caused, and unless enjoined will continue to cause, substantial harm and irreparable injury to Williams for which Williams has no adequate remedy at law.

### Tervis's "Trade Dress"

25. During prosecution of the trademark application that matured into the '577 Mark, Tervis represented to the United States Patent and Trademark Office ("USPTO") that it was the sole and exclusive user of the trade dress it sought to register, and that its design is exclusive and unique and belongs to Tervis alone.

26. Tervis ultimately obtained a registration of its trade dress based, in part, on those representations.

27. Upon information and belief, Signature USA, Inc. ("Signature"), a Minnesota corporation that is unrelated to Tervis, has sold and distributed beverageware for over 25 years.

*See* Exhibit B, Excerpts from Spring 2011 Signature Tumblers Catalog (full catalog available at http://www.signaturetumblers.com/, last visited June 27, 2011), at 2.

28. Upon information and belief, Signature's current beverageware products appear to display a "horizontal line" design that is virtually identical to the design claimed by Tervis in the '577 Mark. *See generally* Exhibit B.

29. Williams believes that, after a reasonable opportunity for further investigation or discovery, it will likely have evidence supporting the assertion that Signature sold products with the "horizontal line" design claimed by the '577 Mark at the time that Tervis filed the application maturing into the '577 Mark and while it was prosecuting the trademark application that matured into the '577 Mark.

30. Williams believes that, after a reasonable opportunity for further investigation or discovery, it will likely have evidence supporting the assertion that Tervis knew at the time it represented to the USPTO that it was the exclusive user of the design claimed as the '577 Mark that such a statement was false, as there was at least one other company, Signature, using an essentially identical design on essentially identical products at that time.

31. An Internet search for the term "insulated tumbler" reveals a number of insulated tumbler products which appear to be unaffiliated with Tervis displaying a "horizontal line" design that is essentially identical to the design claimed by Tervis in the '577 Mark. *See generally* Exhibit C (results of Internet searches for "insulated tumbler" conducted on June 27, 2011).

32. Williams believes that, after a reasonable opportunity for further investigation or discovery, it will likely have evidence supporting the assertion that a multitude of different manufacturers offer products bearing the alleged trade dress without authorization by Tervis, and

that Tervis's alleged trade dress has ceased to have any significance as the identifier of the source of the product bearing that alleged trade dress.

## COUNT I

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

33. Williams incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

34. Williams has an ongoing business relationship with Hit.

35. Williams believes that, after a reasonable opportunity for further investigation or discovery, it will likely have evidence supporting the assertion that Tervis was aware of the business relationship between Williams and Hit at the time it sent the Cease and Desist Letter.

36. Tervis intentionally interfered with the business relationship between Williams and Hit by sending the Cease and Desist Letter and threatening litigation against Hit.

37. Tervis had no justification for its intentional interference with the business relationship between Williams and Hit.

38. The claims made in the Cease and Desist Letter were objectively baseless.

39. Williams believes that, after a reasonable opportunity for further investigation or discovery, it will likely have evidence supporting the assertion that Tervis was aware that its alleged trade dress had ceased to function as Tervis's trade dress at the time it sent the Cease and Desist Letter. As a result, the Cease and Desist Letter was an unlawful interference in the relationship between Williams and Hit.

40. The actions of Tervis have caused, and unless enjoined will continue to cause, substantial harm and irreparable injury to Williams for which Williams has no adequate remedy at law.

41. Williams has been damaged by Tervis's conduct in interfering with its business relationship with Hit.

## COUNT II

### CANCELLATION OF THE '577 MARK PURSUANT TO 15 U.S.C. § 1120 FOR FRAUDULENT PROCUREMENT OF TRADEMARK REGISTRATION

42. Williams incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

43. Williams believes that, after a reasonable opportunity for further investigation or discovery, it will likely have evidence supporting the assertion that Tervis made false statements of material fact to the USPTO regarding its purportedly exclusive use of the design claimed in the application that matured into the '577 Mark during its prosecution of that application.

44. Williams believes that, after a reasonable opportunity for further investigation or discovery, it will likely have evidence supporting the assertion that, Tervis knew that those statements about its exclusive use of the mark were false at the time they were made to the USPTO.

45. Williams is likely to be damaged by the continuation of the registration of the '577 Mark because the evidentiary effect of such a registration may impair its right to manufacture, export, market and distribute its products, such as its Williams Tumblers.

46. This Court should order the registration of the '577 Mark to be cancelled pursuant to its powers under 15 U.S.C. §§ 1119 and 1120.

## COUNT III

### CANCELLATION OF THE '577 MARK PURSUANT TO 15 U.S.C. § 1064(3) FOR GENERICNESS

47. Williams incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

48. As demonstrated in Exhibits B and C, Tervis is only one of many sellers of insulated beverageware with the ornamental design claimed as trade dress by the '577 Mark.

49. The ornamental design claimed by the '577 Mark is incapable of source designation, is generic, and should be cancelled pursuant to 15 U.S.C. § 1064(3).

50. Williams is likely to be damaged by the continuation of the registration of the '577 Mark because the evidentiary effect of such a registration may impair its right to manufacture, export, market and distribute its products such as the Williams Tumblers.

51. This Court should order the registration of the '577 Mark to be cancelled pursuant to its powers under 15 U.S.C. § 1119 and 15 U.S.C. § 1064(3).

## COUNT IV

### REQUEST FOR DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '577 MARK

52. Williams incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

53. The Cease and Desist Letter alleging, *inter alia*, infringement of the '577 Mark has caused extensive harm to the business relationship between Williams and Hit by, among other things, causing Hit to suspend orders of the Williams Tumblers.

54. Williams denies that Tervis has any enforceable rights in the trade dress claimed in the '577 Mark.

55. An actual and justiciable controversy exists between Williams and Tervis with respect to the enforceability and validity of Tervis's '577 Mark.

## COUNT V

### REQUEST FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '871 MARK

56. Williams incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

57. The '871 Mark is a design mark that claims merely a specific stylized appearance of a tumbler.

58. Williams does not, nor has it or any of those selling its products, ever used the '871 Mark in commerce.

59. Williams has not, nor has it or any of those selling its products, ever used a mark so similar to the '871 Mark as to create a likelihood of confusion as to source of products or as to affiliation between Williams, those selling its products, and Tervis.

60. An actual and justiciable controversy exists between Williams and Tervis with respect to the infringement by Williams or Hit of Tervis's '871 Mark.

## COUNT VI

### REQUEST FOR DECLARATORY JUDGMENT OF UNENFORCEABILITY OF TERVIS'S ALLEGED TRADE DRESS

61. Williams incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

62. Tervis alleges common law rights in trade dress that it identifies as horizontal lines appearing on its tumblers.

63. Williams denies that Tervis has any enforceable rights in the trade dress.

64. An actual and justiciable controversy exists between Williams and Tervis with respect to the enforceability and validity and enforceability of Tervis's alleged trade dress.

## COUNT VII

## COMMON LAW UNFAIR COMPETITION

65. Williams incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

66. Tervis undertook the foregoing actions to gain an unfair competitive advantage over Williams.

67. Tervis willfully undertook the foregoing acts with knowledge of and disregard for Williams's rights, and with the intention of causing harm to Williams and destroying Williams's business, and to benefit Tervis.

68. Tervis's unfair competition has caused, and will continue to cause, substantial harm and irreparable injury for which Williams has no adequate remedy at law.

WHEREFORE, Williams respectfully requests the Court to enter judgment in its favor and against Tervis, as follows:

a) Enter a declaration that Tervis's alleged trade dress, namely horizontal lines appearing on its tumblers, is not Tervis's trade dress and that Tervis cannot prevent others from using the ornamental design of the alleged trade dress;

b) Enter a declaration that the '577 Mark is unenforceable against Williams, customers of Williams, or any other individuals or entities incorporating the alleged trade dress identified in that Mark into their products;

c) Enter a declaration that neither Williams nor any of its customers has infringed the design mark protected by the '871 Mark;

d) Enter a declaration that neither Williams nor those selling the Williams Tumblers have infringed Tervis's intellectual property rights or competed unfairly with Tervis;

e) Preliminarily and permanently order enjoin Tervis, and all those acting in concert or participation with it, from sending letters to customers of Williams accusing those customers of infringing Tervis's alleged trade dress;

f) Order the Director of the United States Patent and Trademark Office to cancel the registration of U.S. Trademark No. 3,081,577;

g) Order Tervis to compensate Williams for all damages incurred by Williams as a result of Tervis's tortious interference with the business relationship between Williams and Hit;

h) Order Tervis compensate Williams for all damages incurred by Williams as a result of Tervis's unfair competition; and

i) Award Williams all other just and proper relief.

Respectfully submitted,

_____
Dwight D. Lueck (#14294-49)
Jennifer L. Schuster (#28052-53)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Ph.: 317/236-1313
Fax: 317/231-7433

Attorneys for Plaintiff,
Williams Industries, Inc.

INDS02 1172657v2